IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYL KIRKSEY,

    Petitioner,

v.                                      CASE NO. 4:15cv444-RH/EMT

JULIE JONES,

    Respondent.

_____/

ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 35. The deadline for objections was extended at the petitioner's request, but the extended deadline passed more than a month ago. No objections have been filed.

The report and recommendation correctly concludes that the petition should be denied. The United States Supreme Court has granted certiorari to review one of the decisions cited in the report and recommendation. *See Wilson v. Sellers*, 137 S. Ct. 1203 (Feb. 27, 2017) (granting certiorari to review *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227 (11th Cir. 2016)). In *Wilson,* the Eleventh

Circuit held that a federal habeas court should not "look through" an unexplained state appellate decision to a lower court's reasoned decision. But even if the Supreme Court holds to the contrary, the decision will not affect the outcome in this case.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is accepted.

    2. The clerk must enter judgment stating, "The petition is denied with prejudice."

    3. A certificate of appealability is denied.

    4. The clerk must close the file.

SO ORDERED on May 22, 2017.

                              s/Robert L. Hinkle
                              United States District Judge